

DA 11-0479

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 53N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RODNEY PAT DeAVILA, a/k/a
RONNIE BENJAMIN GREEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 98-13177
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rodney Pat DeAvila, (self-represented); Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Services Bureau Chief; Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Missoula,
Montana

Submitted on Briefs:  February 8, 2012

Decided:  March 7, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Rodney Pat DeAvila (DeAvila), also known as Ronnie Benjamin Green, appeals from the District Court's denial of his motion to withdraw his guilty plea. We affirm.

¶3    In February 1998, DeAvila picked up a juvenile female hitchhiker, attempted to subdue her with an inhalant, struck her, sexually assaulted her, and threatened to kill her if she told anyone. DeAvila was charged with Aggravated Kidnapping, Sexual Intercourse Without Consent, Attempted Sexual Intercourse Without Consent, Assault, and Intimidation, all felonies. DeAvila was mentally evaluated at Montana State Hospital, whose staff psychologist and psychiatrist authored a report for the District Court opining that DeAvila "has the ability to understand the charges against him and to assist his attorney in his own defense, if he chooses to do so." (Emphasis omitted.) The report also stated that "Mr. DeAvila is a very clever psychopath. He appears to have decided upon a legal strategy of malingering psychosis and cognitive impairment in an attempt to avoid legal consequences for his alleged criminal behavior. Mr. DeAvila is an excellent actor. Staff noted that he could turn tears and other psychiatric symptoms (including stuttering, confusion, and psychotic symptoms) rapidly on or off depending on the presence or absence of professional staff. It appears likely that Mr. DeAvila will continue to refuse to cooperate with his attorney and the legal system in resolving

2

his charges. In the staff's opinion, this is clearly voluntary, manipulative, and the result of a sophisticated strategy to fake mental illness."

¶4     In December of 1999, DeAvila entered guilty pleas to four of the charged offenses, and gave the following factual basis for his plea: "I picked up a girl [and] forced her to have sex with me [and] said I would kill her if she told." Court minutes indicate that "Defendant advised [his attorney] had read said documents to him and that he understood both documents and all of his rights. The defendant then entered his pleas of 'Guilty' to Counts I, II, III and V. A Plea Bargain Agreement having been entered into, the defendant was advised that said agreement was not binding, to which the defendant acknowledged that he understood. The Court being advised of a Plea Bargain Agreement and upon inquiry of the defendant, the Court accepted the defendant's pleas and found the defendant guilty."

¶5     In May 2000, DeAvila was sentenced to concurrent sentences of sixty years in Montana State Prison on each of the first three counts and to ten years for the fourth count. In June 2001, DeAvila filed a petition for postconviction relief claiming ineffective assistance of counsel, which was denied as procedurally barred. In December 2005, he filed a motion challenging the restitution ordered by his sentence, which the District Court denied. DeAvila filed an appeal that was dismissed for failure to timely file an opening brief. DeAvila filed his first motion to withdraw his guilty plea in May of 2009, which was denied by the District Court. DeAvila did not appeal. In October 2009, DeAvila filed a petition for a writ of habeas corpus with this Court, which was dismissed as procedurally barred. In July of 2011, DeAvila filed a second motion for withdrawal of his guilty plea, which the District Court denied as being untimely filed. DeAvila appeals from this order.

3

¶6 DeAvila argues that his trial counsel was ineffective in failing to obtain additional mental health reports for his defense, the District Court violated his constitutional right to due process when it used an erroneous report concerning his mental health issues, and improperly sentenced him on the basis that he was mentally competent. He also argues that his guilty plea was not entered voluntarily, knowingly, and intelligently.

¶7 "We review the denial of a motion to withdraw a guilty plea de novo." *State v. Usrey*, 2009 MT 227, ¶ 12, 351 Mont. 341, 212 P.3d 279 (citations omitted). This Court will accept a district court's findings of fact on a motion to withdraw a plea, unless such findings are clearly erroneous. *Usrey*, ¶ 13. A district court's conclusions of law are reviewed for correctness. *Usrey*, ¶ 13.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.[1]

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

---

[1] After this appeal was initiated, DeAvila filed a motion to compel the Montana State Prison to provide at least ten hours of research time in the prison library, claiming that he was compelled to prepare his reply brief without any supporting case law, which prejudiced his right to an effective appeal. We took the motion under advisement. Because DeAvila's appeal is procedurally barred, we conclude that his motion to compel is without merit.

/S/ BETH BAKER